IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**STATE FARM FIRE & CASUALTY COMPANY**
**ONE STATE FARM PLAZA**
**BLOOMINGTON, IL  61710**
      **Plaintiff**

    v.

**WAYNE R. WORDEN**
**25 RUTLEDGE DRIVE**
**YOUNGSTOWN, OH  44505**
      **Defendant**

**CIVIL ACTION NO.:** 2:22-cv-24

## COMPLAINT

Plaintiff, State Farm Fire & Casualty Company ("Plaintiff"), by and through undersigned counsel, hereby demands judgment against Wayne R. Worden ("Defendant"), complaining against him as follows:

### PARTIES

1. Plaintiff is an Illinois corporation with its principal place of business at the above-captioned address.

2. At all relevant times, Plaintiff was authorized to provide in Pennsylvania the insurance described herein.

3. At all relevant times, Plaintiff provided – via an in-force landlord policy – insurance to Suzanne Lee Jarrett ("subrogor") in connection with her tenant-occupied residential property at 180 South Darby Road in Hermitage, Pennsylvania ("subject property").

4. As a result of claims made on said policy, Plaintiff became subrogated to certain recovery rights and interests of subrogor (i.e. for monies paid pursuant to the policy), including the claims asserted in this action.

5. Upon information and belief, Defendant is an adult individual domiciled in Ohio at the above-captioned address, who at all relevant times was subrogor's tenant at the subject property.

**JURISDICTION AND VENUE**

6. Jurisdiction is based on 28 U.S.C. §1332(a)(1) as this action involves a controversy between entities and/or citizens of different states; moreover, the amount in controversy exceeds the jurisdictional threshold of this Court (exclusive of interest and costs).

7. Venue is proper in this district based on 28 U.S.C. §1391(a) in that the events giving rise to this claim occurred within this district.

**STATEMENT OF FACTS**

8. Plaintiff incorporates by reference the preceding paragraphs as though set forth at length herein.

9. Prior to December 4, 2020, Defendant entered into an oral lease agreement with subrogor giving him rights to occupy the subject property.

10. Prior to December 4, 2020, without subrogor's knowledge and/or permission, Defendant sub-leased the subject property to Shawn Glover (deceased) granting him free and unsupervised access to the subject property, i.e. as a sub-tenant, in Defendant's stead.

11. On or about December 4, 2020, a fire erupted at the subject property; this resulted in substantial loss and damage to the subject property, as well as the imposition of other expenses besides – all the subrogor's detriment.

12. Investigation into the fire's cause revealed that it resulted from Mr. Glover's negligent use of an electric space heater; specifically, Glover placed combustibles too close to the heater (and/or *vice-versa*).

13. The fire caused significant harm to subrogor in an amount in excess of $125,000.00; said harm was directly and proximately caused by Defendant as is more fully described below.

14. Subrogor submitted claims to Plaintiff pursuant to her aforementioned policy; Plaintiff paid such claims consistent with the terms and conditions thereof, thereby becoming subrogated to the recovery being pursued in this action.

## COUNT I – NEGLIGENCE

15. Plaintiff repeats the allegations set forth in the prior paragraphs of this Complaint as though they were set forth at length herein.

16. Defendant owed subrogor a duty of care to refrain from engaging in conduct that created a foreseeable likelihood of harm to subrogor's property and the imposition of other expenses besides.

17. Defendant knew or should have known that granting Glover free and unsupervised access to the subject property would place subrogor, and others similarly situated, at risk of foreseeable harm.

18. Upon information and belief, Defendant's negligence included the following:

   (a) Negligently allowing Glover free and unsupervised access to the subject property;
   (b) Negligently allowing Glover use of the space heater in the residence;
   (c) Failing to exercise the reasonable care owed to subrogor; and/or
   (d) Otherwise acting negligently and carelessly under the circumstances.

19. Defendant's negligence was the direct and proximate cause of the damages subrogor sustained.

20. As a direct and proximate result of the aforementioned negligence, subrogor sustained and incurred damage to her property, as well as the imposition of other expenses, in a total amount in excess of $125,000.00.

21. Subrogor submitted related claims to Plaintiff pursuant to her aforementioned policy; Plaintiff paid such claims consistent with the terms and conditions thereof, thereby becoming subrogated to the recovery being pursued in this action.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant in an amount in excess of $125,000.00, plus costs incident to this suit, delay damages, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

### COUNT II – BREACH OF CONTRACT

22. Plaintiff repeats the allegations set forth in the prior paragraphs of this Complaint as though they were set forth at length herein.

23. Pursuant to the lease contract existing between subrogor and Defendant, Defendant was at all relevant times required to take reasonable actions to, *inter alia*, keep the subject property safe.

24. Per the implied terms of the lease, Defendant owed subrogor a contractual duty to use reasonable precautions against fire, and should have reasonably expected to be held responsible for any damage to the property caused by fire.

25. Given the acts and omissions described herein, Defendant breached the lease; subrogor thereby sustained and incurred damages to her property, along with the imposition of additional expenses and hardship besides, in excess of $125,000.00.

26. Subrogor submitted to Plaintiff claims relating to such damages (pursuant to the aforementioned policy); Plaintiff paid such claims consistent with the policy, thereby becoming subrogated to the recovery being pursued in this action.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant in an amount in excess of $125,000.00, plus costs incident to this suit, delay damages, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

                                              **de LUCA LEVINE LLC**

By: _____
       DANIEL J. de LUCA,
       ATTORNEYS FOR PLAINTIFF
       PA ATTORNEY I.D. NO.: 74727
       Three Valley Square, Suite 220
       Blue Bell, PA 19422
       (215) 383-0081 (Telephone)
       (215) 383-0082 (Fax)
       ddeluca@delucalevine.com

Dated: January 4, 2022